IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES WHITFIELD                                                              PETITIONER

v.                                        NO. 5:06CV00017 HDY

LARRY NORRIS, Director of the                                                 RESPONDENT
Arkansas Department of Correction

## MEMORANDUM OPINION AND ORDER

STATE COURT PROCEEDINGS. In February of 2000, a Pulaski County, Arkansas, Circuit Court jury convicted petitioner Charles Whitfield ("Whitfield") of the following offenses: "four counts of rape, one count of attempted rape, five counts of residential burglary, one count of attempted residential burglary, one count of second-degree battery, and one count of exposure to human immunodeficiency virus." See Whitfield v. State, 346 Ark. 43, 56 S.W.3d 357, 357 (2001). He was sentenced to "four terms of life imprisonment in the Arkansas Department of Correction for the four counts of rape and to lesser terms for the other crimes, with the sentences to run concurrently." See Id.

Whitfield appealed the judgment of conviction. He maintained on appeal that his trial court motion for directed verdict should have been granted because "the DNA evidence, standing alone, did not constitute substantial evidence to identify him as the perpetrator of the crimes." See Id. at 357-358. The Arkansas Supreme Court affirmed

the judgment of conviction, finding that "the DNA evidence when considered with the additional circumstantial evidence adduced at trial was sufficient evidence to support [his] convictions" and it was unnecessary to decide whether "the DNA evidence, standing alone, was sufficient proof of identity to support his convictions." See Id. at 360.

Whitfield next filed a series of unsuccessful state court collateral proceedings. See Whitfield v. State, 2003 WL 1123955 (Ark. March 13, 2003) (trial court denial of Rule 37 petition affirmed on appeal when Whitfield failed to file timely appellate brief); Whitfield v. State, 2003 WL 22455793 (Ark. October 30, 2003) (state Supreme Court motion to re-invest jurisdiction in trial court so as to permit consideration of petition for writ of error coram nobis, motion for oral argument, and motion for injunction denied by state Supreme Court); Whitfield v. State, 2004 WL 908909 (Ark. April 29, 2004) (trial court denial of Rule 37 petition affirmed on appeal); Whitfield v. State, 2005 WL3436857 (Ark. December 15, 2005) (trial court denial of petition for state habeas corpus relief affirmed on appeal); and Whitfield v. State, 2006 WL 137224 (Ark. January 19, 2006) (trial court denial of petition for state habeas corpus relief affirmed on appeal).

FEDERAL COURT PROCEEDINGS. While Whitfield was challenging his February of 2000 judgment of conviction in state court, he also challenged it in federal court. In March of 2003, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See Whitfield v. Norris, 5:03CV00108 SWW/HDY. In that petition, he advanced the following claims:

>Claims One and Two: His conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure;
>
>Claim Three: The prosecution failed to disclose exculpatory evidence because there was no record of his probable cause hearing held on December 29, 1998, by which he was ordered to submit to a search of his person, and defense counsel failed to disclose a letter from a UAMS expert confirming the state's DNA results and explaining that the defense had no serious basis on which to challenge the results;
>
>Claim Four: He was convicted in violation of the Double Jeopardy Clause because counsel and the trial court delayed the resolution of his pretrial habeas petition and because he was convicted of multiple counts of the same offense; and
>
>Claim Five: Trial and appellate counsel rendered ineffective assistance as a result of disagreements with Whitfield about how to pursue his case and about what issues to raise.

In July of 2003, the undersigned issued findings and a recommendation in 5:03CV00108. The undersigned recommended that the petition be denied because Whitfield's claims were procedurally barred from federal court review. United States District Judge Susan Webber Wright later adopted the undersigned's findings, denied the petition, and dismissed the proceeding by entering judgment for respondent Larry Norris ("Norris").

Whitfield attempted to appeal the denial of his petition to the United States Court of Appeals for the Eighth Circuit. He did so by filing a trial court motion for a certificate of appealability. Judge Wright denied the motion in June of 2003, and the Court of Appeals affirmed the denial of the motion in December of 2003. A subsequent petition for writ of certiorari was denied by the United States Supreme Court.

Whitfield next filed a motion with the Court of Appeals seeking permission to file a second or successive petition for writ of habeas corpus pursuant to 28 U.S.. 2254 in the district court. The Court of Appeals denied his request in August of 2005.

In January of 2006, Whitfield commenced the proceeding at bar by filing a document captioned "Notice of Appeal." In that submission, he made known his desire to appeal the decision of the state Supreme Court in Whitfield v. State, 2005 WL3436857 (Ark. December 15, 2005).[1]

In February of 2006, Norris filed the pending motion to dismiss. See Document 6. Norris construed Whitfield's "Notice of Appeal" as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and asked that it be dismissed. Norris maintained that Whitfield's submission should be dismissed because it is a second or successive petition. Norris supported that assertion with the following:

> Before a District Court may consider a second or successive habeas petition, a petitioner must obtain permission from the court of appeals. … Whitfield has not shown that he obtained this permission, and, in fact, he attempted to obtain the requisite permission in March of 2205, which was denied.

See Document 8 at 4-5.

---

[1] Whitfield filed the petition in 2005 WL 3436857 pursuant to Act 1780 of the 2001 Acts of Arkansas. "Act 1780 provides that a writ of habeas corpus can issued based upon new scientific evidence proving a person actually innocent of the offense or offenses for which he or she was convicted." See Whitfield v. State, 2005 WL3436857.

The Court briefly examined Norris' motion. The Court determined that Whitfield should be notified of Norris' position, i.e., the petition was allegedly a second or successive petition and Whitfield allegedly failed to obtain the requisite permission to file his petition. Whitfield was invited to file a reply and accepted that invitation by filing a reply in March of 2006.

ANALYSIS. The Court has now fully reviewed the record. The Court finds that Norris' motion should be granted, the petition denied, and this proceeding dismissed.

As a preliminary matter, the Court must construe the submission filed by Whitfield in commencing this proceeding. As the Court noted, Whitfield commenced this proceeding by filing a document captioned "Notice of Appeal." In that submission, he made known his desire to appeal the decision of the state Supreme Court in Whitfield v. State, 2005 WL3436857 (Ark. December 15, 2005). As Norris correctly noted, however, "Whitfield cannot 'appeal' from a decision of the Arkansas Supreme Court to this Court, especially in matters governed solely by state law." See Document 6 at 4. Liberally construing Whitfield's "Notice of Appeal," and an accompanying document captioned "Appellant's Brief," the Court finds that he is actually advancing the claim that his right to due process was violated when the State withheld exculpatory evidence in his criminal prosecution, a claim that can properly be advanced in a petition pursuant to 28 U.S.C. 2254. The Court will therefore construe his joint submissions as such.

Having construed Whitfield's joint submissions as one pursuant to 28 U.S.C. 2254, the Court makes note of 28 U.S.C. 2244. Sub-paragraph (b)(3)(A) of section 2244 provides that "[b]efore a second or successive application permitted by this section [including 28 U.S.C. 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Whitfield first challenged his February of 2000 judgment of conviction in a March of 2003 petition pursuant to 28 U.S.C. 2254. See Whitfield v. Norris, 5:03CV00108 SWW/HDY. Without question, the petition at bar, construed by the Court as one pursuant to 28 U.S.C. 2254, is his second federal court challenge to his February of 2000 judgment of conviction. As such, the question is whether he obtained permission to file the petition at bar from the United States Court of Appeals for the Eighth Circuit.

The simple answer to the foregoing question is no. Whitfield neither requested nor obtained permission to file the petition at bar. It is true that he requested permission to file an earlier petition, but the Court of Appeals denied his request in August of 2005. Having failed to obtain the requisite permission, it clear that the petition at bar must be denied and this proceeding dismissed so that he may do so.

CONCLUSION. For the foregoing reason, Norris' motion to dismiss is granted. The petition filed by Whitfield is denied, and this proceeding is dismissed. Judgment will be entered for Norris.

IT IS SO ORDERED this __27__ day of April, 2006.

 

_____
UNITED STATES MAGISTRATE JUDGE